Honorable John VanLindt Chairman NYS Racing and Wagering Board
Your counsel has asked whether Unconsolidated Laws, § 8052 prohibits every elected state and local officer from holding any license from the New York State Racing and Wagering Board ("Board"), or only those elected state and local officers whose duties relate to pari-mutuel racing activities or the taxation of those activities.
Present section 8052, added by chapter 871 of the Laws of 1980, prohibits public officers from holding any license issued by the Board (Unconsolidated Laws, § 8052[1]). Subparagraph 6(a) of section 8052 defines the term "Public Officers" as including, among others, every elected or other state and local officer, as defined in Public Officers Law, § 2, "whose duties relate to pari-mutuel racing activities orthe taxation thereof" (emphasis supplied), and whose office is either of a full-time or part-time nature and one for which compensation is paid (id., § 8052[6][a]).
Former section 8052, enacted by chapter 514 of the Laws of 1954, also barred public officers from holding any license from the Board, but included a much broader definition of the term "public officers". Under that statute, a "public officer" was defined essentially as every state and local officer whose position is either of a full-time or part-time nature and one for which compensation is paid (id., § 8052[1][a], 3[a]; L 1954, ch 514). Chapter 871 of the Laws of 1980 added the qualifying phrase "whose duties relate to pari-mutuel racing activities or the taxation thereof" to the definition of "public officers" found in present section 8052(6)(a) and made similar changes in relation to public employees. (See, Unconsolidated Laws, § 8052[2][b], [c], [d].) The purpose of this amendment was to repeal the blanket prohibition against the holding of licenses by all public officers and public employees contained in former section 8052 and to allow the Board to license those officers and employees where public office or employment and participation in horse racing activities did not involve a conflict of interest (Governor's Memorandum and Memorandum to Governor from the Division of Budget in relation to Assembly Int. 11899, adopted as L 1980, ch 871). The 1980 amendment was enacted in response to criticism that former section 8052, in barring licensure of public officials even where there was no possibility of a conflict of interest, was perhaps the most restrictive law of this nature in the country (id.). The effect of the 1980 amendment was expansive in the sense that it increased the class of public officials eligible to hold licenses to include those whose duties are not inextricably related to pari-mutuel racing activities (id.). It is clear, therefore, that section 8052 prohibits elected state and local officers from holding racing licenses only in those instances where public office and participation in pari-mutuel racing activities will result in a conflict of interest. Whether or not such a conflict exists is entirely dependent on the facts of each particular case and requires an analysis of the duties of each particular office.
We conclude that only those elected state and local officers whose duties relate to pari-mutuel racing activities or the taxation of those activities are prohibited by Unconsolidated Laws, § 8052 from holding any license from the Board.